UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 22-cv-20001

ANSELMO LIMA de ARAUJO,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANSUNION, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff, ANSELMO LIMA de ARAUJO ("Lima") by and through undersigned counsel, and for his complaint against the Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq*. (Federal Fair Credit Reporting Act "FCRA").

2. The jurisdiction of this Court is conferred by 15 U.S.C. §§1681(p).

### PARTIES

3. Plaintiff, LIMA, is a natural person and resident of Miami-Dade County, Florida. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. EQUIFAX INFORMATION SERVICES, L.L.C ("Equifax") is a limited liability company under the laws of the State of Georgia authorized to do business in the State of Florida.

5. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. EXPERIAN INFORMATION SOLUTIONS, INC ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

8. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. TRANSUNION, L.L.C ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

11. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

13. Collectively, the Defendants will be referred to as "CRAs."

## FACTUAL ALLEGATIONS

14. In March 2020, Plaintiff received diagnostic, laboratory, or both services from Quest Diagnostics, Inc. ("Quest").

15. The services received were for a personal, family, or household purpose.

16. The partial account number provided by the CRAs is 7572****.

17. The date of last activity reported by Transunion is February 28, 2021.

18. The date of last activity reported by Equifax is May 1, 2021.

19. The date of last activity cannot be both February 21, 2021, and May 1, 2021. One or both dates is incorrect as to the date of last activity.

20. The FCRA does not allow incorrect information to be placed on a consumer's credit report.

21. In December 2019, Plaintiff received diagnostic, laboratory, or both services from Quest.

22. The services received were for a personal, family, or household purpose.

23. The partial account number provided by the CRAs is 7302****.

24. The date of last activity reported by Transunion is December 28, 2020.

25. The date of last activity reported by Experian is April 1, 2021.

26. The date of last activity reported by Equifax is May 1, 2021.

27. The date of last activity cannot be December 28, 2020, April 1, 2021, and May 1, 2021. One or all of the dates is incorrect as to the date of last activity.

28. The FCRA does not allow incorrect information to be placed on a consumer's credit report.

29. In August 2009, Plaintiff opened a credit account with America First Credit Union ("credit union").

30. The account was for a personal, family, or household purpose.

31. The partial account number provided by the CRAs is 23341910062009****.

32. The date of last activity reported by Transunion is December 28, 2017.

33. The date of last activity reported by Experian is February 1, 2018.

34. The date of last activity reported by Equifax is November 1, 2017.

35. In addition, the CRAs have different dates for the last payment.

36. Both Transunion and Experian have a last payment date of February 26, 2018, while Equifax has a last payment date of November 1, 2017.

37. Both the dates of last activity and last payment affect when derogatory items fall off a consumer's credit report. Stating incorrect dates that are after the actual dates negatively impacts Plaintiff's credit reports.

38. On or about April 27, 2021, Plaintiff submitted dispute letters to Equifax, Experian, and TransUnion. The dispute letters pointed out to all Defendants the inaccurate reporting. A copy of Plaintiff's, April 27, 2021, dispute letters sent to all three CRAs is attached hereto as Composite Exhibit "A.".

39. All Defendants received Plaintiff's dispute letter and accompanying documents and then Equifax, Experian, and Trans Union relayed those documents and Plaintiff's dispute to Quest Diagnostics and then erroneously verified that the different dates of last activity were valid or failed to cause the derogatory tradelines to be updated.

40. All Defendants received Plaintiff's dispute letter and accompanying documents and then Equifax, Experian, and Trans Union relayed those documents and Plaintiff's dispute to

the credit union and then erroneously verified that the different dates of last activity and dates of last payment were valid or failed to cause the derogatory tradeline to be updated.

41. None of the disputed items have been corrected on Plaintiff's credit reports.

42. As a result of the erroneous derogatory information, Plaintiff has suffered and will suffer significant damages including the inability to obtain credit for an extended period of time, and the aggravation of dealing with Defendants' failure to meaningfully evaluate his dispute.

## COUNT I AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681e(b)

43. Plaintiff realleges and incorporates paragraphs 1 through 6, 14 through 28, and 38-42 above as if fully set out herein.

44. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered and will suffer damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Equifax's conduct, action or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i

48. Plaintiff realleges and incorporates paragraphs 1 through 6, 14 through 28, and 38 through 42 above as if fully set out herein.

49. Equifax violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Quest; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit, specifically Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

51. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT III AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681e(b)

53. Plaintiff realleges and incorporates paragraphs 1 through 6 and 29 through 42 above as if fully set out herein.

54. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

55. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered and will suffer damages by loss of credit, loss of the ability to purchase and benefit from credit,

the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

56. Equifax's conduct, action or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## COUNT IV AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i

58. Plaintiff realleges and incorporates paragraphs 1 through 6 and 29 through 42 above as if fully set out herein.

59. Equifax violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the credit union; by failing to maintain reasonable procedures with which

to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

60. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered and will suffer damages by loss of credit; loss of the ability to purchase and benefit from credit, specifically Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

61. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

Such other and further relief as this Court deems just and proper.

## COUNT I AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)

63. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, 14 through 28 and 38 through 42 above as if fully set out herein.

64. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

65. As a result of this conduct, action and inaction of Experian, Plaintiff suffered and will suffer damages by loss of credit, loss of the ability to purchase and benefit from a credit, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

66. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

67. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

## COUNT II AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

68. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, 14 through 28 and 38 through 42 above as if fully set out herein.

69. Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Quest; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

70. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

71. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

72. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## COUNT III AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)

73. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, and 29 through 42 above as if fully set out herein.

74. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

75. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, Plaintiff suffered and will suffer damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

76. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

77. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

    WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

  c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

  d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

  e) Such other and further relief as this Court deems just and proper.

### COUNT IV AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

78. Plaintiff realleges and incorporates paragraphs 1 through 3, 7 through 9, and 29 through 42 above as if fully set out herein.

79. Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the credit union; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

80. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

81. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

82. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

Such other and further relief as this Court deems just and proper

### COUNT I AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)

83. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, 14 through 28, and 38 through 42 above as if fully set out herein.

84. Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

85. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

86. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

  a) Actual damages in an amount to be proved at trial;

  b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

  c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

  d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

  e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

88. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 14 through 28, and 38 through 42 above as if fully set out herein.

89. Transunion violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Quest; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

90. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit;, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

91. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

92. Plaintiff is entitled to recover costs and attorney's fees from Transnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## COUNT III AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)

93. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, 29 through 42 above as if fully set out herein.

94. Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

95. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered and will suffer damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

96. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

  a) Actual damages in an amount to be proved at trial;
  b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
  c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
  d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
  e) Such other and further relief as this Court deems just and proper.

### COUNT IV AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

98. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 29 through 42 above as if fully set out herein.

99. Transunion violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the credit union; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

100. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

101. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

102. Plaintiff is entitled to recover costs and attorney's fees from Transnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Transunion for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

Such other and further relief as this Court deems just and prop

### JURY DEMAND

Plaintiff demands trial by jury.

Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:   754-800-5299

service@debtshieldlaw.com
joel@debtshieldlaw.com

_/s/ Joel D. Lucoff_
Joel D. Lucoff
Fla. Bar No. 192163